**Frances TILGHMAN, Plaintiff–Appellant,**

v.

**WATERBURY BD OF ED, Matthew Borrelli, and Philip Giordano Defendants–Appellees.**

**No. 05–2012–CV.**

United States Court of Appeals, Second Circuit.

Nov. 10, 2005.

---

* The Honorable Charles L. Brieant, United States District Judge for the Southern District of New York, sitting by designation.

Norman Pattis, Bethany, CT, for Appellant.

Gary Starr, Hartford, CT, for Appellee.

Present: WINTER, POOLER, and SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED.**

Plaintiff–Appellant Frances Tilghman ("appellant") and original co-plaintiff Sharon Heard–McKnight ("McKnight") brought a cause of action under 42 U.S.C. §§ 1983 and 1988 against defendants-appellees ("appellees"), alleging racial discrimination in violation of the Fourteenth Amendment to the U.S. Constitution and Title VII of the Civil Rights Act of 1964. Appellant also alleged violations of her rights under the Connecticut Constitution and common law. On January 14, 2005, McKnight withdrew all of her claims against all of the appellees. On April 8, 2005, the U.S. District Court for the District of Connecticut (Robert N. Chatigny, J.) granted appellees' motion for summary judgment and disposed of appellant's claims and the action in its entirety. We assume the parties' familiarity with the facts, proceedings below, and specification of issues on appeal.

"We review the district court's grant of summary judgment *de novo,* construing the evidence in the light most favorable to the non-moving party." *Jetter v. Knothe Corp.,* 324 F.3d 73, 75 (2d Cir.2003). Although this Court must also draw all reasonable inferences in favor of appellant, *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986), "there must be evidence on which the jury could reasonably find for the plaintiffs." *Id.* at 252, 106 S.Ct. 2505. This Court explained in *Woodman v. WWOR–TV, Inc.,* 411 F.3d 69 (2d Cir. 2005), that a non-moving party cannot avoid summary judgment simply by asserting a "metaphysical doubt as to the material facts." *Id.* at 75 (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)).

This Court recently described the analysis for considering Title VII claims in *Dawson v. Bumble & Bumble,* 398 F.3d 211, 216 (2d Cir.2005):

Ordinarily, a plaintiff must first establish a prima facie case of discrimination by showing that (1) he is a member of a protected class; (2) he is competent to perform the job or is performing his duties satisfactorily; (3) he suffered an adverse employment decision or action;

and (4) the decision or action occurred under circumstances giving rise to an inference of discrimination based on his membership in the protected class. *See Farias v. Instructional Sys. Inc.*, 259 F.3d 91, 98 (2d Cir.2001). If the plaintiff succeeds, a presumption of discrimination arises and the burden shifts to the defendant to proffer some legitimate, nondiscriminatory reason for the adverse decision or action. *Id.* If the defendant proffers such a reason, the presumption of discrimination created by the prima facie case drops out of the analysis, and the defendant "will be entitled to summary judgment ... unless the plaintiff can point to evidence that reasonably supports a finding of prohibited discrimination." *James v. N.Y. Racing Ass'n*, 233 F.3d 149, 154 (2d Cir.2000).

This Court has held that most of the core substantive standards that apply to claims of discriminatory conduct in violation of Title VII are also applicable to claims of discrimination in employment in violation of § 1981 or the Equal Protection Clause. *Patterson v. County of Oneida, N.Y.*, 375 F.3d 206, 225 (2d Cir.2004) (citing *Whidbee v. Garzarelli Food Specialties, Inc.*, 223 F.3d 62, 69 (2d Cir.2000)). Moreover, the factors justifying summary judgment dismissing Title VII claims equally support the summary dismissal of claims for termination brought under 42 U.S.C. §§ 1981 and 1983. *Patterson*, 375 F.3d at 225. Likewise, most of the standards applicable to the conduct alleged to constitute hostile work environment in violation of Title VII are also applicable to employment claims under § 1981 and equal protection claims under § 1983. *Id.*

Here, the district court found that appellant made out a prima facie case of discrimination.

Although appellant's prima facie case for discrimination is weak, we have no reason to reverse the district court. Assuming a prima facie case has been established, and that appellees have proffered some legitimate, nondiscriminatory reasons for the non-renewal of appellant's contract, appellant cannot defeat summary judgment because appellant has not pointed to any evidence that reasonably supports a finding of prohibited discrimination. *James*, 233 F.3d at 154. Therefore, the district court's decision to grant appellees' motion for summary judgment is hereby affirmed.

We have considered appellant's remaining claims and find them to be without merit. Based on the foregoing, the judgment of the district court is AFFIRMED.